Judge BAKEK
(concurring in part and in the result):
I would decide this case on the ground that Appellant has not carried his burden of demonstrating a violation of Article 13, Uniform Code of Military Justice, 10 U.S.C. § 813 (2000). As this court has recognized on previous occasions, Appellant’s failure to raise the matter at trial may be indicative of, but not dispositive as to, whether or not an individual was subject to pretrial punishment.
Although I agree with the majority and the lower court that United States v. Southwick, 53 M.J. 412 (C.A.A.F. 2000), and United States v. Tanksley, 54 M.J. 169 (C.A.A.F. 2000), were the law at the time, I am less confident than the majority that an appellate court can infer from Appellant’s sentencing statement a tactical choice to abstain from seeking credit for alleged pre-trial punishment as a means of obtaining a lesser adjudged sentence. Certainly, I am not prepared to conclude that Appellant’s words, or those of his counsel, amounted to an affirmative waiver on Article 13.
In my view, Tanksley and Southwick invite appellate courts to engage in appellate speculation regarding trial tactics that in context may be undue. This concern is readily avoided by the prospective rule adopted by the court today or by having military judges affirmatively inquire where the facts suggest the possibility of Article 13 credit. Where liberty interests and unlawful government conduct converge in Article 13, legal policy should favor clear black-letter rules. Therefore, I join that part of the lead opinion adopting a clear raise or waive rule linked as it is to this Court’s admonishments that military judges should exercise their inherent and prudential authority to affirmatively inquire where the facts suggest that an Article 13 violation may have occurred. See United States v. King, 58 M.J. 110, 115 (Baker, J., with whom Erdmann, J., joined concurring in result).